## Isaac S. Colthar

### *v.*

## The Inhabitants of the Township of North Plain-FIELD.

On demurrer to a bill against the inhabitants of a township, alleging that in 1875 the complainant gave the township his bond for $1,000, secured by a mortgage on lands, to insure the payment of $3.50 per week so long as complainant's wife should be a charge on the township; that the township had received $750 thereon, and that the mortgage had been canceled of record; that the wife was not a public charge after 1875—*Held*, that complainant is entitled to a discovery and account of the moneys received on the bond.

Bill for relief. On general demurrer.

*Mr. J. H. Jackson,* for demurrants.

*Messrs. Wilson & Suydam,* for complainant.

THE CHANCELLOR.

The bill states that the complainant gave to the defendants, the inhabitants of the township of North Plainfield, in the county of Somerset, in 1875, his bond in the penal sum of $1,000, with condition that he should pay to the township or to the overseer of the poor thereof for the time being, the sum of $3.50 a week every week thereafter, during and for so long a time as his wife, who was then chargeable to the township, should be chargeable to it; that to secure the payment of the money according to the condition of the bond, he gave to the defendants a mortgage upon land of his in Somerset county; that that land was afterwards sold under an execution against him on a judgment recovered in 1876, and a deed given by the sheriff therefor in November, 1878; that after that time, but at what particular time the complainant cannot state, the defendants, as the complainant is informed and believes, received from some-

body unknown to him $750 or more upon the mortgage; that after the complainant gave the bond and mortgage the overseer of the poor of the township went to his house and carried away all his household goods (of the value of about $300) under pretence of applying them to the support of the complainant's wife; that the mortgage was canceled of record April 11th, 1879; that the bond is still in the hands of the officers of the township, who refuse to deliver it up to him, although he has requested them to do so; that he has been informed that the money received for or upon the mortgage was deposited with the treasurer of the township on the 18th of April, 1879; that at the time of giving the bond and mortgage the complainant gave the overseer of the poor of the township notice that he would make an arrangement for the support of his wife and provide a place of residence for her; that shortly after that time he gave notice to the overseer of the poor and to the township committee and to his wife that he was ready and willing to support her; that he had provided a place for her in a family in Plainfield, but his wife refused to go there and remained of choice at the almshouse of the defendants; that he gave the township committee and the overseer of the poor notice not to pay any money to her; that shortly after the giving of the bond and mortgage he requested his wife to live with him, but she refused, and he gave notice to the township committee and overseer of the poor of such refusal; that after the giving of the bond and mortgage his wife went out of the township of North Plainfield into the county of Essex and resided there for a long time, and that in December, 1881, he filed a bill in this court for a divorce from her on the ground of desertion, and obtained a decree of divorce in the suit July 31st, 1883. The bill also states that he has applied to the officers of the township for an account of the money received by them from the mortgage, but they have refused to give it. The bill prays an account of the moneys received upon the bond and mortgage and of the value of the household furniture, and for a decree for the payment thereof to the complainant.

The defendants demur on the ground of vagueness in the

charges of the bill, want of particularity as to time &c., and on the ground that the complainant has a remedy at law.

The substance of the bill is that the complainant gave the township his bond for $1000, conditioned to indemnify it to the extent of $3.50 a week against the support of his wife while she should remain chargeable to the township. The township received $750 or more from the mortgage given to secure the payment of the bond. He insists that his wife was not chargeable after the giving of the bond and mortgage, and that she ceased to be his wife in July, 1883. He claims that he is entitled to the money received from the mortgage, or at least to an account of it, and files his bill to obtain the account and payment of whatever may be due him. The statements on which he seeks to charge the township are definite enough. He says that it received the money after November, 1878 ; that the mortgage was canceled of record April 11th, 1879, and that the money was deposited in the treasury of the township April 18th, 1879. The relief sought cannot be obtained at law. The complainant is entitled to the delivery of his bond to him if the defendants have no lawful claim upon him thereunder. They have received money of his on account of it, but how much he cannot say, and he seeks a discovery. He could not compel them to deliver up the bond to him in a suit brought against them at law to recover the money which he claims to be due to him from them.

The demurrer will be overruled, with costs.